## SUPREME COURT.

JOHN WALTON agt. ELLEN M. WALTON.

w

Where a *complaint* demands judgment of *separation from bed and board* forever, without any demand for relief generally, or for any other relief, and where on demurrer the facts stated do not entitle the plaintiff to the judgment demanded, the complaint cannot be made more *definite* and *certain*. It is a matter of special statutory regulation not affected by the general provisions of the Code. Nor can the plaintiff in such action have a decree of *nullity of the marriage contract* on the ground that the facts stated warrant such a decree; because he has not asked for such judgment in his complaint; and where the defendant has not *answered* (but demurred) the relief cannot exceed that demanded in the complaint. (*Code,* § 275.)

*New York Special Term, October,* 1860.

DEMURRER to complaint.

D. D. FIELD, *for plaintiff.*

BROWN, HALL & VANDERPOEL, *for defendant.*

SUTHERLAND, Justice. The plaintiff, by the complaint, demands judgment of separation from bed and board forever. There is in the complaint no demand for relief generally, or for any other relief than judgment of separation from bed and board.

It is almost too plain for discussion that the plaintiff, on the facts stated in the complaint, is not entitled to the judgment of separation from bed and board. He asks for such judgment on the ground that the conduct of the defendant, since his marriage with her, has been such as to render it unsafe and improper for him longer to cohabit with her. I said in the case of *Auld* agt. *Auld,* decided by me at special term, September, 1859, that to authorize a decree of separation for cruel and inhuman treatment, " the proof should show either actual bodily violence, or such conduct, acts or threats on the part of the husband, as might render it unsafe for the wife to continue to cohabit

with him; and that the word "unsafe," as used in the statute (3 *R. S.*, 5*th ed.*, 237, 238, § 64,) has reference to bodily, personal injury or violence, and physical health, as distinguished from mere mental suffering or wounded sensibilities," citing, as authorities for the proposition, *Bishop on Mar. and Div.*, §§ 454, 459; *Wishpell* agt. *Wishpell*, 4 *Barb.*, 217; *Mason* agt. *Mason*, 1 *Edw. Ch.*, 378.

The proofs to establish the bodily violence or apprehended danger should at least be as strong when the husband is the complainant as when the wife is the complainant.

Section 65 of the statutes (3 *R. S.*, 268) says that the complaint in such case shall specify particularly "the nature and circumstances of the complaint" relied on, and "shall set forth times and places with reasonable certainty."

The only allegations in the complaint in this case, at all pertinent to the relief, and the only relief asked for, to wit: a judgment of separation, are the 11th and 16th.

The first is a mere general allegation of improper conduct on the part of the defendant: in the use of coarse and opprobrious epithets toward the plaintiff (without specifying them;) in accusing him of crime and improper intimacy with other women; and in giving way to fits of rage and violent language, ordering the plaintiff's friends to leave the house.

The 16th is a mere general allegation: that the plaintiff is constantly in danger from defendant, and her son Charles; that "they are striving to deprive him of his property and to do him bodily harm," without alleging any facts or circumstances to show the plaintiff had reasonable grounds to apprehend bodily harm from the defendant, or the defendant and her son, or that it would be unsafe and improper for him longer to cohabit with her.

The statute requires these facts and circumstances to be stated in the complaint, with reasonable certainty as to times and places.

It is, therefore, no answer to the demurrer, to say that

the Code has provided a mode for making the complaint more definite and certain. It is a matter of special statutory regulation; and, therefore, I do not think that the general provisions of the Code affects the question. (See remarks of Judge PARKER in *Wishpell* agt. *Wishpell*, 4 *Barb.*, 218.)

It is plain, then, I think, that the complaint does not contain facts sufficient to authorize the judgment of separation asked for.

But it is insisted on the part of the plaintiff that, conceding the complaint does not contain facts sufficient to authorize the judgment of separation asked for, yet that it does state facts to authorize a decree of the nullity of the marriage contract, and that the plaintiff is entitled to such decree in this action.

The complaint alleges, that at the time of the plaintiff's marriage to the defendant, she represented to him that she was a widow; that she had been married twice; that her husbands were both dead. The complaint then alleges that the plaintiff, after his marriage to defendant, was informed and believes that such representations were untrue, and made to deceive and inveigle the plaintiff into a marriage with her; that she was married three times before plaintiff's marriage with her; first to one Jeffards; secondly to one Hamilton Morrison; lastly to one Russell; and that, at the time of plaintiff's marriage with her, her second husband, Hamilton Morrison, was and is still living in the state of Ohio.

Assuming that these allegations, if proved, would have authorized a decree declaring the marriage contract with the plaintiff void, had the complaint asked for such decree, or even for general or other relief, either upon the ground that she had a husband living at the time of her marriage to the plaintiff; yet, as the complaint asks for a judgment of separation only, without a prayer even for other relief generally, the question is whether the fact that the com-

plaint contains these last allegations is an answer to the defendant's demurrer, that the complaint does not contain facts sufficient to constitute a cause of action.

I think not. The defendant has not answered, but demurred.

The § 275 of the Code is, "the relief granted to the plaintiff, *if there be no answer*, cannot exceed that which he shall have demanded in his complaint; but *in any other case*, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

Suppose I should give judgment for the plaintiff on this demurrer, with leave for the defendant to answer in twenty days, and the defendant should not avail herself of the permission to answer, and should never put in an answer, this section of the Code would appear to prohibit the plaintiff from having a decree of nullity on this complaint, because the relief asked for by it is limited to a judgment of separation; and I have shown that he would not be entitled to a judgment of separation, because the facts stated in the complaint are not sufficient to authorize such judgment.

It would appear to follow, that the defendant must have judgment on her demurrer; but the plaintiff may amend his complaint in twenty days, on payment of costs.